# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**CHARLES R. ALDERMAN,**
**Claimant Below, Petitioner**

**FILED**
March 30, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 16-0327** (BOR Appeal No. 2050884)
(Claim No. 2015025342)

**SAINT-GOBAIN CERAMICS & PLASTICS, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Charles R. Alderman, by Robert L. Stultz, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Saint-Gobain Ceramics & Plastics, Inc., by James W. Heslep, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated March 9, 2016, in which the Board affirmed a September 28, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's April 6, 2015, decision to reject the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Alderman, a former plant worker for Saint-Gobain Ceramics & Plastics, Inc., filed an Employees' and Physicians' Report of Occupational Hearing Loss hearing loss claim on June 12, 2013.[1] Mr. Alderman retired from Saint-Gobain Ceramics & Plastics, Inc., on June 30, 2011.[2]

---

[1] This Report of Occupational hearing loss was not filed with the correct insurer. The Employees' and Physicians' Report of Occupational Hearing Loss was not filed with the correct insurer until March 10, 2015.

[2] It is unclear from the record whether June 30, 2011, or August 1, 2011, is the correct date of retirement.

1

Mr. Alderman underwent a hearing test in 1995 and the test indicated he suffered from hearing loss. Saint-Gobain Ceramics & Plastics, Inc., filed a report of occupational hearing loss in the spring of 1995 based upon Dr. Bland's finding that he suffered from noise-induced hearing loss. Much of the application is illegible and no impairment level could be determined. Dr. Bland also completed an application for noise-induced hearing loss on May 17, 1995.

Sometime in 2011, Mr. Alderman underwent audiological testing performed by a clinically certified audiologist, J. L. Daristotle, M.D., who diagnosed hearing loss and tinnitus. He found 29% impairment due to work-related noise exposure, and recommended binaural amplification. On April 9, 2012, John Wyllie, M.D., authored a report that opined Mr. Alderman suffered from bilateral sensorineural hearing loss and bilateral tympanosclerosis. Dr. Wyllie recommended hearing aids for both ears. No determination of impairment was included.

On March 10, 2015, Mr. Alderman's counsel filed an Employees' and Physicians' Report of Occupational Hearing Loss with the correct insurance provider. Saint-Gobain Ceramics & Plastic, Inc., submitted a report of occupational hearing loss on March 25, 2015. That report indicated that Mr. Alderman began working for the employer on October 11, 1995, as a production associate. Mr. Alderman's last day of work was in the summer of 2011. There was an attachment to the hearing loss form which stated that Saint-Gobain Ceramics & Plastics, Inc., did not believe that it subjected Mr. Alderman to excessive noise because he was required to wear earplugs. On April 6, 2015, the claims administrator determined that Mr. Alderman's claim for occupational hearing loss was not timely filed. As a result, the claims administrator rejected his claim.

On September 28, 2015, the Office of Judges determined that the claim for occupationally related noise induced hearing loss was not filed in a timely fashion. The Office of Judges looked to West Virginia Code § 23-4-15(c) (2010), and determined that the application must be filed within three years after the latest of the following events: (a) the day on which the employee was last exposed to excessive occupational noise; or (b) the date that the claimant was told of his occupational hearing loss by a physician; or (c) the date which the claimant should reasonably have known that his hearing loss was caused by his occupational exposure. The Office of Judges found that Mr. Alderman was aware of his hearing loss in the spring of 1995 when Dr. Bland completed an application for noise-induced hearing loss. The Office of Judges found that Mr. Alderman's last day of employment was June 30, 2011. Because his last day was June 30, 2011, the Office of Judges determined that his application must have been filed on or before June 30, 2014. Because his claim was not filed until March 10, 2015, the Office of Judges determined it was not filed in a timely fashion. The Board of Review adopted the findings of the Office of Judges and affirmed its Order on March 9, 2016.

After review, we agree with the consistent decisions of the Office of Judges and Board of Review. Pursuant to West Virginia Code § 23-4-15(c), the claim must be filed within three years of the date on which the employee was last exposed to the particular occupational hazard or within three years of the date on which the employee's occupational disease was made known to him or her, whichever occurs last. It is apparent from the record that Mr. Alderman became aware of his hearing loss on May 17, 1995, when Dr. Bland completed an application for noise-

2

induced hearing loss. It is also known that his last day of employment was in the summer of 2011. Mr. Alderman's claim was not filed until March 10, 2015, which was well beyond the deadline in West Virginia Code § 23-4-15(c).

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: March 30, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Elizabeth D. Walker

**DISSENTING:**
Justice Menis E. Ketchum